# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**RIVER NORTH FARMS**　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**
**INCORPORATED**

**V.**　　　　　　　　　　　　　　　　　　　　**NO. 4:16-CV-00131-DMB-SAA**

**GNS FRAC, LLC;**
**CAVE CITY SAND, LLC**　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**


## ORDER DENYING EXTENSION

This declaratory judgment action is before the Court on River North Farms Incorporated's motion for an extension of a pre-removal temporary restraining order issued by the Circuit Court of Washington County, Mississippi. Doc. #7. Because the temporary restraining order expired, the motion will be denied.

## I
## Procedural History

On June 9, 2016, River North Farms Incorporated ("River North") filed a "Complaint for Declaratory Judgment and Application for Temporary Restraining Order and Preliminary Injunction" in the Circuit Court of Washington County, Mississippi. Doc. #2. On June 10, 2016, the Circuit Court entered a temporary restraining order restraining GNS Frac, LLC ("GNS"), and Cave City Sand, LLC ("Cave City"), "from filing any documents to assert ownership, use, or control, or rights to determine ownership, use, or control, of the Property of River North." Doc. #1-1 (Book 36, Page 446). The order also restrained Cave City and GNS from "otherwise interf[ering] with or disturb[ing] River North's ownership, use, control; or disposition of its Property; or interf[ering] with River North's right to determine the ownership, use, control, or disposition of Property of River North." *Id.* The temporary restraining order provided it would

be in effect from the time River North filed a bond in the amount of $15,000, until "a hearing has been conducted[,] ... which hearing shall not be more than ten (10) days from the hour and minute that this TRO is entered and signed by the Court." *Id*. River North filed a $15,000 bond on June 16, 2016. Doc. #1-1. Five days later, on June 21, 2016, the Circuit Court, acting on River North's motion, extended the duration of the temporary restraining order "through Monday, June 27, 2016." Doc. #7-1.

On June 27, 2016, Cave City, asserting the existence of diversity jurisdiction, removed the action to this Court. Doc. #1. The same day, at 3:57 p.m., River North filed a motion to extend the temporary restraining order until further order of the Court. Doc. #7 at ¶ 14. Also on June 27, 2016, United States Magistrate Judge S. Allan Alexander, noting that the citizenship of Cave City and GNS had not been properly alleged, issued an order directing Cave City to show cause why this case should not be remanded for lack of jurisdiction. Doc. #9.

## II
## Analysis

In addressing River North's motion, the Court begins by noting that, while "[a] court should decide jurisdiction early in a case and before reaching a determination of the merits of a case, ... it may hold off on deciding a jurisdictional question, even if it means issuing a temporary restraining order and preserving the status quo while the jurisdictional issue is being resolved." *Somerset Place, LLC v. Sebelius*, 684 F.Supp.2d 1037, 1040 (N.D. Ill. 2010) (citing *United States v. United Mine Workers*, 330 U.S. 258, 290 (1947)) (internal citations omitted). Furthermore, a court may sua sponte extend a temporary restraining order. *Women's Med. Prof'l Cor. V. Taft*, 199 F.R.D. 597, 598 (S.D. Ohio 2000). Accordingly, neither the uncertainty regarding diversity jurisdiction nor the lack of a response to the motion precludes the extension of the temporary restraining order. *Id*.

Upon removal, "[t]he federal court accepts the case in its current posture[,] as though everything done in state court had in fact been done in the federal court." *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1303 (5th Cir. 1988) (internal quotation marks omitted). A temporary restraining order entered by the state court is thus given the same effect as if it had been entered by the federal court. 28 U.S.C. § 1450 ("Whenever any action is removed from a State court to a district court of the United States, ... [a]ll injunctions, orders, and other proceedings had in such action shall remain in full force and effect until dissolved or modified by the district court."). Where a state court's temporary restraining order remains in effect after removal, a federal court may extend the order for good cause pursuant to Rule 65(b)(2) of the Federal Rules of Civil Procedure. *Xtria, LLC v. Intern. Ins. Alliance, Inc.*, No. 3:09-cv-2228-G, 2009 WL 4756365, at *4–5 (N.D. Tex. Dec. 11, 2009). Rule 65(b)(2) provides:

> Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry--not to exceed 14 days--that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

Under Rule 65(b)(2), a temporary restraining order issued without notice may be extended only before the temporary restraining order expires. *S.E.C. v. Unifund SAL*, 910 F.2d 1028, 1034–35 (2d Cir. 1990). Here, the state court's temporary restraining order expired by its own terms on June 27, 2016. River North's mere request for the temporary restraining order's extension on June 27, 2016, did not stay its expiration.[1] Accordingly, the temporary restraining

---

[1] Nor did River North ask for a stay of the expiration date pending the adjudication of its motion. It was incumbent upon River North to not only request, but secure, an order extending the temporary restraining order *before* its expiration. *See Rashid v. Delta State Univ.*, 306 F.R.D. 530, 535 ("A party takes significant risks when it seeks an extension of a deadline late on the day of the deadline; that is, at the proverbial eleventh hour. The risks include ... that the Judge may not be able to adjudicate the motion that same day.") (quoting *Bruce v. Cty. of Rensselaer*, No. 02–CV–0847, 2003 WL 22436281, at *2 (N.D.N.Y. Oct. 20, 2003)).

order issued by the Circuit Court may not be extended, and River North's motion for extension [7] is **DENIED**.

**SO ORDERED**, this 27th day of June, 2016.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**